McWILLIAMS, ESTATE OF, IN RE.

Probate Court, Franklin County.

No. 195981. Decided November 23, 1961.

*Mr. Earl Hamilton*, for the estate.
*Mr. Robert J. Kosydar*, assistant attorney general, for Tax Commissioner.

To The Honorable Joseph J. Van Heyde, Judge of
The Probate Court of Franklin County, Ohio:

PEARSON, General Referee. Pursuant to a prior order referring the above entitled proceeding to me for hearing and report, I proceeded under the provisions of Section 2315.37,

Revised Code, to hear and examine such proceeding and respectfully submit the following report thereon;

STATEMENT OF FACTS

William Cottrell McWilliams (hereinafter referred to as the testator) died testate on June 11, 1960, and Luise K. McWilliams, his widow, was duly appointed executrix of his estate.

On December 13, 1960, the executrix filed her Application for Determination of Inheritance Tax, which listed as an asset not subject to tax the sum of $22,500.00, which testator's widow was entitled to receive under the provisions of an employment contract between the testator and the W. W. Williams Company, the provisions of which are as follows:

CONTRACT OF EMPLOYMENT

This Contract entered into this 2nd day of November, 1959, by and between The W. W. Williams Company, an Ohio corporation (hereinafter referred to as the "Company") and W. C. McWilliams (hereinafter referred to as "Employee").

Whereas, the Company desires to be assured of the continuing services of Employee for a specific period of time and thereafter until the retirement of Employee and to assure retention of the limited services of Employee and other advantages subsequent to retirement of Employee.

Now, THEREFORE, WITNESSETH:

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

1. Employee shall remain in the employ of the Company and shall serve in the capacity of Vice President and General Sales Manager or in such other capacity as shall be designated by the Board of Directions of the Company, from the date of this Agreement until October 31, 1968.

2. Employee shall devote his entire time, attention and best efforts exclusively to the business of the Company and shall provide sales supervision and shall be in direct charge of all sales efforts with respect to all lines handled by the Company, subject to the direction of the Board of Directors of the Company, and Employee shall discharge and carry out all the duties as shall be assigned to him from time to time by the Board of Directors.

3. The Company shall pay to Employee and Employee shall receive compensation for services hereunder in an amount of

$15,000 per annum, payable monthly until retirement as hereinafter provided.

4. At his election, Employee may, for health or other personal reasons, reduce the time expended on behalf of the Company to not less than 50% of normal working time on and after October 31, 1965 by written notification to the Board of Directors of the Company. If this notification is given, Employee shall receive compensation for services thereafter in an amount of $7,500 per annum or such greater amount as shall be fixed from time to time by the Board of Directors based on actual time expended and services rendered on behalf of the Company.

5. Employee shall retire not later than October 31, 1968 and may at his election retire at any time after October 31, 1968. In addition, Employee may retire or be retired at any time due to illness or other incapacity. Notification of any such retirement shall be made in writing to the Board of Directors of the Company.

6. In the event of retirement, Employee shall continue to be available to the Company and shall render advisory and consulting services to the Company until the date of his death or prior total disability. Without implied limitation upon the general advisory and consulting services which Employee shall be obligated hereunder to perform upon retirement, Employee shall attend all meetings regularly scheduled and shall be subject to call at all other reasonable times by the Company and its officers in connection with sales and other matters involving the management and conduct of the Company's business.

7. Employee shall refrain during the term of his employment hereunder, both before and after retirement, from any activity in competition with the Company, either as an employee, agent, consultant, principal or substantial investor in any other business undertaking, or in any other capacity whatever in which Employee would compete with or would assist competition with the Company.

8. From and after the date of his retirement as fixed in the notice of retirement required hereunder and until his death, Employee shall receive compensation hereunder in an amount of $4500 per annum, payable monthly.

9. In the event of and upon Employee's death during em-

ployment by the Company hereunder, whether before or after retirement, the Company shall pay to Employee's widow the amount of $2250 per annum for as long as she lives but not exceeding ten years after his death.

In Witness Thereof, the parties hereto have executed this contract as of the day and year first above written pursuant to authorization by the Board of Directors of The W. W. Williams Company.

On January 11, 1961, a second Amended Journal Entry Determining Inheritance Tax was filed and no tax was assessed against testator's widow for the money received by her under the terms of this contract.

On January 26, 1961, The Tax Commissioner filed his Exceptions to the Court's order and finding of January 11, 1961, on the grounds that the Court erred in omitting to assess an inheritance tax on the proceeds of the employment contract.

No payments of money were made by the Testator under this contract.

A hearing of this matter was waived by the consent of all the parties and this matter was submitted on the record and the briefs of counsel.

CONCLUSIONS OF LAW

Section 5731.02, Revised Code, reads in part as follows:

A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

(C) When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property: * * *

(2) Intended to take effect in possession or enjoyment at or after such death; * * *

I do not believe that it can be seriously contended that the testator did not give consideration for this contract, and the benefits received by his widow. Testator's widow received the benefits accruing to her under this employment contract, and these benefits must be considered as part of the consideration passing to the testator from the Company, with the testator's widow a third party beneficiary.

No evidence, other than what was a part of the court records, was presented in this matter, but it must be presumed that Item Nine of this contract was included in order to retain testator's services on behalf of the company, both before and after his retirement, and to further prevent testator from offering his services to a competitor.

The rights of testator's widow, under the terms of this contract, vested upon the death of her husband and were enforceable in a court of law.

The District of Columbia Tax Court, in the cases of *Dodge* v. *District of Columbia*, and *MacIntosh* v. *District of Columbia*, Prentice Hall Inheritance and Transfer Tax Service, Volume 2, page 1051, paragraph 1019, in deciding a similar question under a similar factual situation said:

The court believes that the decedents gave consideration for the contract with the Association by agreeing to serve as executive officers until retirement and to give it the benefit of their advice and counsel thereafter; to serve in any capacity for any compensation specified by the Board of Directors of the Association; to be available, even after retirement, to its officers, directors and employees for consultation and advice, with the obligation to attend directors' and other meetings upon request; and, what was most important, to refrain from being associated with, employed by, or in any manner interested in any other building and loan association in the District, except as a depositor. The Court, therefore, is of the opinion that the receipt by the petitioners of the after death benefits here under consideration was the transfer of property intended to take effect in possession and enjoyment after the death of their husbands, respectively; and that such transfers were taxable.

It is the opinion of this Referee, and his recommendation that the Court hold that the receipt by testator's widow of the after death benefits here under consideration was the transfer of property intended to take effect in possession and enjoyment after the death of her husband, that such transfer was taxable, and that the inheritance tax determined herein should be re-determined accordingly.